# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2022

Lyle W. Cayce
Clerk

No. 21-10548
Summary Calendar

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Wright,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-191-1

---

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Michael Wright was convicted by a jury of interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) & 2; of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), (C)(i) & 2; of using or

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (C)(i) & 2; and of possessing a firearm after a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). The district court sentenced Wright to a total aggregate sentence of 438 months.

Three years after the jury's guilty verdict, Wright moved for a new trial, allegedly based on newly discovered evidence. *See* FED. R. CRIM. P. 33(b)(1). The district court denied the motion without a hearing.

Wright argues on appeal that the court erred in denying his motion without an evidentiary hearing. "The decision to conduct an evidentiary hearing on a motion for a new trial is within the sound discretion of the district court and we will reverse only where the ruling was so clearly erroneous as to constitute an abuse of discretion." *United States v. Bishop*, 629 F.3d 462, 470 (5th Cir. 2010).

The district court did not abuse its discretion in denying Wright's motion for a new trial without a hearing. As the Government argues, Wright's motion was based on the conclusory allegation that the Government had coerced Wright's co-defendant, Kameron Robinson, into invoking the Fifth Amendment to avoid testifying, but Wright did not allege any facts in support of that allegation. The videotaped interview of Robinson, which Wright attached to his motion for a new trial, likewise fails to support Wright's claim of Government coercion.

Further, Wright did not put forth any newly discovered evidence. Robinson's letters exculpating Wright in the Ennis, Texas robbery were well known to Wright and were thoroughly discussed at trial and were central to his direct appeal. *See United States v. Wright*, 845 F. App'x 334, 336-38 (5th Cir. 2021). And, as the Government asserts, "Robinson's undetailed statement that Wright was not the other robber [in Ennis] does not weaken the overwhelming evidence proving Wright's guilt." Finally, the district

No. 21-10548

judge who considered Wright's motion for a new trial also presided over Wright's jury trial and was well-suited to evaluate how Robinson's videotaped statement fit within the overwhelming evidence presented at trial. *See United States v. MMR Corp.*, 954 F.2d 1040, 1046 (5th Cir. 1992).

The judgment of the district court is AFFIRMED.